UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS FINLEY,<br>    Plaintiff | Civil Action No.<br>04-2142 |
| versus | Section "K"<br>Stanwood R. Duval, Jr. |
| FEDEX GROUND PACKAGE SYSTEM, INC.,<br>    Defendant | Magistrate "4"<br>Karen Wells Roby |

### DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 41(b) MOTION TO DISMISS

Fedex Ground Package System, Inc. ("Fedex Ground"), Defendant, files this Memorandum in Support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff has failed to prosecute this action.

**I. INTRODUCTION**

Plaintiff, Douglas Finley ("Plaintiff" or "Finley"), originally filed this action in state court alleging employment discrimination with events occurring in 2003. (Petition, attached to Doc. No. 1)  The action was removed to this Court on July 30, 2004.  At the time, Finley was represented by counsel.  On or about March 29, 2005, Finley's counsel withdrew.  New counsel, Terrel J. Broussard, appeared on June 9, 2005.  Following Hurricane Katrina, Mr. Broussard moved the Court to allow him to withdraw from the case because he could not locate his client. The Court granted the motion and, after a telephone conference, stayed the case on January 26,

2006.[1]  (Doc. No. 49).  Plaintiff has since been unrepresented and has had no contact with this Court for over thirty (30) months.  Accordingly, Fedex Ground moves the Court to dismiss this lawsuit for lack of prosecution under Fed. R. Civ. P. 41(b).

## II.     ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 41(b) authorizes dismissal of an action for failure to prosecute.  Such dismissal may be pursuant to a defense motion or the Court's own motion.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  Rule 41(b) dismissals are proper upon a showing of a clear record of delay and where lesser sanctions would not serve the best interests of justice.  *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).  These two requirements are referred to as the "requisite factors."  *See Sealed Appellant* at 417-18.  In addition to the requisite factors, courts sometimes look for aggravating factors to support dismissal for lack of prosecution.  *Id.* at 418 (citing *Rogers* 669 F.2d at 320; *Tello v. Comm'r,* 410 F.3d 743, 744 (5th Cir. 2005); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  The "aggravating" factors are: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct.  *Rogers* 669 F.2d at 320.  Here, the requisite factors are present and all three of the aggravating factors.

### A.     The requisite factors supporting dismissal are present.

A clear record of delay is the first of the requisite factors.  A clear record of delay is present when there have been "significant periods of total inactivity."  *Morris v. Ocean Sys. Inc.*, 730 F.2d 248, 252 (5th Cir. 1984).  Here, the period of total inactivity is over two and one-half

---

[1] The Order granting counsel's Motion to Withdraw was not entered until March 27, 2006. (Doc. No. 49)

4

years measured from January, 2006 to the present. Inactivity of much less duration has supported dismissal. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 Fed. Appx. 411, 412-13 (5th Cir. 2006) (upholding dismissal with prejudice when a *pro se* plaintiff was uncooperative in discovery for a five-month period), *Harrelson v. United States*, 613 F.2d 114 (5th Cir. 1980) (affirming dismissal given a 22-month delay between the last pleading filed and dismissal), *Eze v. Resmae Mortgage Corporation*, 2008 WL 2037464 (S.D. Miss 2008) (dismissing the case with prejudice after an 11-month delay). Plaintiff has not filed papers, sought discovery, or otherwise prosecuted his claim since January 2006. Finley is not exempt from compliance with relevant rules of procedural and substantive law simply because he is proceeding *pro se*. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) for the proposition that (a *pro se* litigant is not exempt from the compliance with procedural rules). Accordingly, he has a duty to at least inquire periodically into the status of his litigation and communicate with the court. *See Wright v. Robinson*, 113 Fed. Appx. 12, 16 (5th Cir. 2004)(holding parties responsible for making periodic inquiries into the status of their litigation); *Lockett v. Southern University*, 2007 WL 184657, *1 (S.D. Miss. 2007)(recognizing that parties are obliged to make timely status inquiries). There is no evidence Finley has inquired about the status of his case or communicated with the Court since January 2006. This extended period of inactivity establishes the clear record of delay in this matter and, alone, supports dismissal of this cause.

Furthermore, a lesser sanction would not better serve the interests of justice, the second of the requisite factors. As a practical matter, the case cannot proceed without the Plaintiff and there is no sanction that would force his presence or force the prompt and diligent prosecution of this matter. *See, e.g. Chatelain v. Town of Brusly*, 2007 WL 4300117, *1 (M.D. La. 2007). Moreover, because Plaintiff is *pro se*, monetary sanctions would be inappropriate. *See Eze* at *2

5

(stating that sanctions against the plaintiff would be futile with no acting attorney); *Hale-Wells v. Wells Fargo Services,* 2006 WL 903712, *2 (S.D. Tex. 2006) (observing that monetary sanctions against a *pro se* plaintiff are inappropriate and risk excessive punishment).

Plaintiff having filed this action is charged with prosecuting it. Plaintiff has done nothing since before Hurricane Katrina. Plaintiff is charged with knowledge of the rules. Having done nothing for so long, Plaintiff is not entitled to any accommodation or indulgence given Plaintiff's willful inattention to this case. If Plaintiff were interested in pursuing this action, he presumably would have done something since January, 2006. Accordingly, a lesser sanction would not be warranted.

Therefore, the imposition of sanctions short of dismissal would be ineffective and would not serve the interests of justice. Justice would be better served by dismissing the action and relieving Defendant of the burden of maintaining a defense to an inactive suit.

### B. The presence of the aggravating factors bolsters Fedex Ground's argument for dismissal.

Although aggravating factors are not required for dismissal, the presence of one or more factors will bolster the movant's argument for dismissal. *Sealed Appellant*, 452 F.3d at 418. That is the case here.

The first of the aggravating factors is whether Plaintiff, as opposed to his counsel, is responsible for the delay. Because Plaintiff is unrepresented by counsel, the court need only consider his conduct in determining whether dismissal is appropriate. *See Maloney* at *2, *see also Young v. United Fire & Cas. Co.*, 2008 WL 2676360, *2 (E.D. La. 2008)(stating a *pro se* plaintiff's failure to prosecute was attributable to her alone); *Ackel v. Center Court Investments, L.L.C.*, 2007 WL 4365428 (E.D. La. 2007)(finding *pro se* plaintiff's failure to prosecute was due

6

to his own inaction). Here, Plaintiff has not done anything in furtherance of his case since the withdrawal of his counsel. Therefore, the delay is entirely a result of Plaintiff's own inaction.

In addition, there is actual prejudice to Fedex Ground. The Plaintiff's failure to prosecute his case has stalled this action while burdening Fedex Ground with maintaining a defense throughout the period of total inactivity. The uncertainty associated with Plaintiff's failure to prosecute has affected Fedex Ground's ability to prepare its case. Delay alone can result in prejudice, especially if the statute of limitations has run. "[E]vidence deteriorates or disappears, memories fade, and witnesses die or move away" with the passage of time. *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 478 (5th Cir. 1981)(stating that defendants should be allowed an opportunity to discover relevant evidence when it is still intact and available). S*ee also Hale-Wells v. Wells Fargo Services*, 2006 WL 903712, *2 (S.D. Tex. 2006). Here, the underlying facts occurred over four years ago, which alone has an impact on the integrity of the evidence and on witnesses' memories.

Finally, the delay in this case may be intentional. The undersigned counsel deposed Plaintiff as a fact witness in May 2007 in another case. At that time, Plaintiff indicated that he intended to prosecute this case but, to date, has made no attempt to advance his cause. When a plaintiff fails to make contact with the court or counsel, it is an indication that he or she has abandoned the claim and has no further interest in prosecuting the matter. *See e.g., Johnson v. Jefferson Parish Housing Auth.*, 2008 WL 2325603 at *1, (E.D. La. 2008). Additionally, to avoid dismissal, a *pro se* litigant must establish excusable neglect, which is a high standard requiring proof of more than mere ignorance. *See Kersh v. Derozie*, 851 F.2d 1509, 1512 (5th Cir. 1988). Through his participation as a witness in another lawsuit, Plaintiff is certainly aware of procedures and discovery devices required to prosecute his case. Moreover, Plaintiff has a

7

college degree, pursued or is pursuing a Master's degree, and ran or runs his own business. Given that Finley has had the opportunity during the pendency of this action to develop his claims but has failed to do so, the Court may conclude his actions were intentional. *See Ackel* at *3. There is nothing here to indicate Plaintiff's failure to prosecute was unintentional. Dismissal is, therefore, the proper remedy.

### III.     CONCLUSION

There is a clear record of delay in this case that cannot be remedied by lesser sanctions. In addition, three aggravating factors are present that support dismissal of this action. This Court has inherent authority to manage its docket and to allocate limited judicial resources to diligent litigants. For these reasons, Fedex Ground Package System, Inc. requests that the Court dismiss Plaintiff's claims for want of prosecution as authorized by Federal Rule of Civil Procedure 41(b).

/s/ Andrew P. Burnside
Andrew P. Burnside, Esq., LA Bar No. 14116
Coats | Rose
400 Poydras Street, Suite 1680
New Orleans, Louisiana 70130
Telephone: (504) 299-3083
Facsimile: (504) 299-3071

Attorney for Defendant, FedEx Ground Package System, Inc.

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Defendant FedEx Ground Package System, Inc.'s Memorandum in Support of Its Rule 41(b) Motion to Dismiss has been served on the following, via Hand Delivery:

> Mr. Douglas Finley
> 403 Briargrove Drive
> Slidell, LA 70456

This 25th day of September, 2008.

> /s/ Andrew P. Burnside
> Andrew P. Burnside