UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOUGLAS FINLEY                                                          CIVIL ACTION

VERSUS                                                                   NO. 04-2142

FEDEX GROUND PACKAGE SYSTEM, INC.                                        SECTION "K"(4)

## ORDER

Plaintiff Douglas Finley has filed a Motion to Reconsider Dismissal. The motion pertains to this Court's order of dismissal dated October 29, 2008. That dismissal was made pursuant to a Rule 41(b) motion to dismiss by Defendant Fedex Ground Package System, Inc. ("Fedex") for Plaintiff's failure to prosecute his claim. Plaintiff had not been active in his case for over two years. Plaintiff's present motion to reconsider does not provide any specific legal basis for the reconsideration of his claim.

First, this Court finds that its prior order of dismissal of October 29, 2008 was the judgment in this case. The Supreme Court requires that this rule is to be "mechanically applied." *United States v. Indrelunas*, 411 U.S. 216, 221, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973). Rule 54 provides, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54(a). Rule 58 requires that "[e]very judgment . . . must be set out in a separate document." Fed. R. Civ. P. 58. The 1963 Advisory Committee Notes to Rule 58 explain what a "separate document" means: "The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." Fed. R. Civ.

P. 58 advisory committee's note. The separate document here was an order, not a more ambiguous document. *See Theriot v. ASW Well Serv., Inc.*, 951 F.2d 84, 87 (5th Cir. 1992) (holding a minute entry "cannot constitute a 'separate document' for the purposes of meeting the Rule 58 requirement."). The order did not provide reasoning or any recital of pleadings; instead, it was a plain statement granting the Defendant's motion and dismissing the case with prejudice in its entirety. *See Kidd v. District of Columbia*, 206 F.3d 35, 38 (D.C. Cir. 2000) (finding that district court's order affirming magistrate's dismissal qualified as a judgment because "[a]part from a reference to the motions being decided, and one conclusory sentence of justification, it consists simply of ordering clauses").

As this Court's prior order of dismiss constitutes a judgment, the Plaintiff's motion will be liberally construed as a motion for relief from a judgment pursuant to Rule 60. Rule 60(b) provides the grounds upon which a district court may grant such relief:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's only justification in his motion is that the "conservative legal climate not only makes it extremely difficult to address my grievances in a court of law but also to retain adequate legal representation." The Court finds this reason is not persuasive. Plaintiff has been particularly derelict in prosecuting his claim, the last action that Plaintiff took in his case being in March 2006. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Dismissal is **DENIED** for lack of jurisdiction.

New Orleans, Louisiana, this __5th__ day of March, 2009.

_____
      **STANWOOD R. DUVAL, JR.
    UNITED STATES DISTRICT JUDGE**